IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Geoffrey Dudding, | ) | Case No. 1:23-cv-02917-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sgt. Thomas, Lt. Hare, Cpt. Currence, | ) | |
| Maj. Singleton, Lexington County | ) | |
| Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Plaintiff, proceeding pro se, is seeking relief pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On July 12, 2023, the Magistrate Judge directed Plaintiff to provide certain documents to bring this action into proper form for further evaluation. ECF No. 7. Plaintiff did not respond to the Order. On August 10, 2023, the Magistrate Judge issued a second proper form order. ECF No. 10. Plaintiff again failed to respond. On September 6, 2023, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 13. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious

1

consequences if he failed to do so.  Plaintiff has filed no objections, and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the

---

[1] The Court notes that the Report was returned as undeliverable.  ECF No. 17.  Plaintiff was specifically notified that it is his responsibly to keep the Court apprised of his current address.  *See* ECF No. 7.  As Plaintiff has failed to provide an updated address, this Court has no way to communicate with him.

recommendation of the Magistrate Judge.  Therefore, this action is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

                                      s/ Donald C. Coggins, Jr.
                                      United States District Judge

January 18, 2024
Spartanburg, South Carolina